We will move on to the third case for our oral argument today, Sheena Shaw v. Sac. County Sheriff's Department, case number 18-17184. This case is also set for 10 minutes per side, and counsel, when you're ready, you may proceed. Good morning, may it please the court. My name is Jeff Price, I represent the plaintiff and the appellant in this case. I would like to reserve three minutes for rebuttal, and I would like to thank the court for permitting the appellant to file a supplemental opening brief. I believe in this case that the court need not address the weighty issue that this case presents, which is whether or not California Supreme Court would rule, as did the Court of Appeal in Austin v. Medici in 2018, because there's an easier path in this case, and that is to find that Austin v. Medici is not retroactive. On April 6, 2016, when Ms. Shaw filed this case, the statute of limitations was told for one day because she was incarcerated following her arrest and the use of force against her on April 5, 2014, and she was released on April 6, 2014. That was the law on April 6, 2016, and it is still the law now. This court is actually in the same position that the Elliott court was in, Elliott v. City of Union City, in 1994, because the California Supreme Court has not spoken here. I was going to ask, hasn't the statute itself been changed since the Elliott decision? No, not substantively at all. In the Elliott case, they were trying to give their best understanding of what controlling California law was, right? The statute has not been changed, Your Honor, and that has been recognized by numerous courts. Let's accept that. The Elliott case was an attempt by the federal court to give the best understanding of how the California Supreme Court would interpret the case, right? Correct, as is required. The Elliott ruling wasn't controlling on California's courts, was it? No, it was a federal case. Right, and so it's interpreting California law and giving the best impression, but isn't that the same circumstance that happens with the Austin case? Only in this case, it's a state court making the interpretation. I don't understand the question. Is the court asking whether Austin was in the position of determining whether the California Supreme Court would interpret Section 352.1 in a certain way? Yeah, isn't the Austin court in almost the exact same position as the Elliott court? Both trying to interpret what California law is on this statute. The Elliott court, Your Honor, was merely an intermediate appellate court. It's just a court of appeal. It's the court of appeal for the second district. And no other district court of appeal has to follow Austin. There could be a case today... But counsel, aren't we bound by those court of appeals decisions generally? No, you're not. Absolutely not. Okay, because my understanding is we are bound by those unless we make an independent determination that the California Supreme Court would rule differently. Actually, under Demidovich, which was a case issued by this court in 1986, 803 F. 2nd, 1473, 1482, and that was in my opening brief, the rules is that this court will follow a state Supreme Court's interpretation of its own statute in the absence of extraordinary circumstances. Where the highest court has not decided the issue, the task of the federal court is to predict how the state high court would resolve it. There are many reasons. Elliott was completely different though, wasn't it? No, it was not. In Elliott, they were trying to ask when the tolling began. And the person in Elliott was ultimately state incarcerated, right? That's irrelevant to this case. Elliott is absolutely not distinguishable from this case in any factual sense. Well, except the Austin case, didn't it really run on the idea that being held in a city jail overnight is not imprisonment under California law? The Austin case is a deeply flawed decision. The Austin case renders statute actually meaningless. It renders the second clause of the statute meaningless, which is a violation of both standard statutory interpretation, as noted by Sutherland. It is also a violation of California's own statutory interpretation statutes, which was not even mentioned. Let me take you, because I'm not sure that's a winning argument. I think it's actually quite uphill. But let me take you, wouldn't your better argument be that under 945.3 that the time should have been told until she finished up the referral? That's the more, yes. In a word, yes. That argument should have been made originally. The problem was, was that the defendant's motion was totally conclusory and did not contain any argument whatsoever. You didn't raise that? No, I addressed this, Your Honor, Judge Nelson, that was not really waived. The court has the ability to accept that argument because I brought it to the attention of the court. The district court before the district court ruled in a motion for reconsideration. And so I've addressed that in my briefs that the district court is not just permitted to ignore the law. And the facts in this case demonstrated clearly that Ms. Shaw had been charged with criminal offenses. Is it correct that you only brought it to the district court's attention in a motion for reconsideration of a discovery stay? It wasn't even in the principal motion to dismiss briefing? No, it was not. And it was before the magistrate judge. Did it ever actually get to the district court judge? Well, I believe what got to the district court judge was a request for leave to amend the complaint. And the district court judge, I believe, did have a 945.3 argument because it was a motion for reconsideration of the magistrate's ruling on the discovery stay. Let me ask, do you have Rule 54 available? Yes. Civil Rule 54? Yes. Read along with me. Otherwise, any order or other decision however designated that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any claims or parties. And may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities. Under 54, if you inartfully bring the other statute before the district court, didn't it have some obligation to at least take a look at that before entering final judgment? Yes, it did. Yes, it did. I want to point out a factual mistake that the district court made, and that is where the district court states that Elliot is factually distinguishable from the incident case. That is categorically incorrect. This case, as I alluded to earlier, is absolutely the same as Elliot with respect to continuous incarceration. It's just that my client was only incarcerated for one day, but we only need one day of tolling. Let me just ask, isn't that the distinguishing... In Elliot, though, there was local incarceration, ultimately a conviction, and then state incarceration, right? Yes, but that's irrelevant, Your Honor. That's irrelevant to this analysis. The Elliot court relied upon that, didn't it? No. Wasn't there a question in Elliot whether you dated the tolling from the time he got to state prison or whether you dated the tolling to the time that he was originally arrested? There was a subsidiary issue as to whether the tolling after conviction would be allowed in Elliot, but if you read the last sentence in Elliot, it says everything. The statute of limitations was told commencing at the time of his arrest and continuing through his custody. That's all you need to know with respect to Elliot. In this case, it was told at her arrest. It was untold the next day. I want to point out that in this case, the false arrest claim did not accrue under federal law until April 6, 2014. Therefore, under Wallace v. Cato, which is a United States Supreme Court case written by Justice Scalia, that claim was absolutely timely as filed in this case. I also want to add that... Counsel, do you want to reserve anything? You're over time. We'll give you a minute. Thank you, Your Honor. Thank you, Counsel. Thank you. Counsel, go ahead. Good morning, Your Honors, and may it please the Court. My name is Wendy Motaoka, and I represent the County of Sacramento defendants. The issue that was presented to the District Court was whether plaintiffs' claims should be saved by the tolling provisions of 352.1. And under the Austin case, 352.1 tolling only applies to state prisoners. And that case contains a lengthy and well-researched analysis of why that is. What about the retroactive point that is raised? At the time, Austin wasn't out when petitioner or when the appellant would have wanted to take advantage of it. So, should we apply Austin retroactively? No. This would be the Chevron oil issue that was briefed. And the subsequent cases from the Supreme Court, the Jim Beam case and the Harper case, they made clear that retroactivity is applied if the court that issued the new rule applied it to the litigants before. And the Austin court applied this rule to the litigants that were before the Austin court. So, I think that ship has sailed. But with respect to… Let me just push back on that because I agree that that seems to be what the law is. But it puts counsel here in a bit of a tough spot. Well, I guess they just raised the argument. But they didn't know. I mean, they may have had the thought that 352 was enough at the time because their interpretation of it. There was no state law interpretation at the time. So, they thought they could rely on that. Then an intermediate court comes out and says, no, you can't. Gives a different interpretation of it. Is that fair to apply it to counsel who was raising it in the first instance with nothing on the books? I think it would be fair because the statute requires that the disability exists at the time the cause of action accrued. And even under Elliott, the cause of action accrued when she was in her house, not when she was in prison, when she was in her house. And Elliott created an exception extending the tolling back to include the arrest if the incarceration lasted throughout the entire limitations period. And so, that is why I believe the district court is pointing to factual differences in this case from that case. This case is more like the crude case in which the arrestee was released after four days and then tried to get tolling after being in prison. And this court, the Ninth Circuit, said that the 352, I mean, it wasn't 352, the similar tolling provision would not apply. Can I ask about 945.3? Let's assume that it was not properly presented to the district court. Let's just assume that. Do you agree that we as a court of appeal, that this is a legal question, that we as a court of appeals have discretion on whether to decide or not, regardless of what was presented in the district court? Yes, you would have discretion to do that. But in terms of the 945.3, that tolling provision expressly exempts cases that are diverted through PC 1001 as well as others. And in this case, Ms. Shaw's criminal matter was diverted, so she is not entitled to tolling under that provision. When the diversion occurs, does that mean there's no tolling or does it mean that the tolling only occurs before the diversion? I would say there's no tolling because it's a class of case under the Molman case. It's a class of case that's not included. It makes sense for exactly in a case like this. She took a position in the criminal court pleading no contest, which is the same as guilty in California, pleading no contest to get the benefit of the diversion program. And once she did that, she's now coming into another court and saying, I didn't do it. There was no probable cause for the arrest for the charge to which I pled no contest. So it makes perfect sense that you would not allow for tolling and give her more time to bring that claim. Well, but you could apply tolling to the other claims. I mean, the interesting thing about your argument is it suggests that the question of tolling becomes indeterminate. You presume that there's tolling under 945.3 until she's diverted. And so then the act of diversion actually has a retroactive effect to deny tolling for the other claims. Am I stating that correctly? That's my understanding of it. Yes, that it puts her in the class of cases to which the 945.3 doesn't apply. But it only does that retroactively based on a decision that's made a year later. So if she's thinking at the time, well, wait a second, I'm reading the case law. I don't have a statute of limitations problem. And then a year later, she, you know, under your argument, she's sort of creating a statute of limitations problem only retroactively. I think it goes a little faster than that. I think it's less than a year. I don't know. How much time was it issued here, by the way, before she went into the diversion program? I think she went into the diversion program in, was it September? No, she got out in September. So I think she was resolved by September. So she must have gone into the diversion program in the spring, I guess. It would be in the appellate record. Right. But regardless of how long it is, the decision at the time, if appellant's reading the law saying, oh, I'm entitled to the tolling here, although I guess she would have, yeah, okay. Here's my question. This is complicated. No court's weighed in on it. So not even the district court, federal district court below. Are you aware of any state law cases interpreting 945.3 in the way that you are suggesting? The Molen case references, I believe that's cited in our brief, but I can find it for you. The reason why I'm asking this is, I mean, I think we do have discretion here, and I was glad to hear you concede that. The question is if this is the right thing for us to do. We don't have any other court that's weighed in on this. It seems a bit complicated. And so it seems to me there's a couple of different approaches. One is, and no party's asked us to do this, but we could certify this to the California Supreme Court because it's a question of state law that is probably very relevant, if not just positive, to this case. The other thing would be to remand it to the federal district court and ask the federal district court to look at this in the first instance. I haven't seen cases where that's been done, where you have this type of waiver argument. But what would your position be on that if we were to look at that approach? I mean, it seems that certifying it to the Supreme Court would get us to a definitive answer sooner. Well, I don't know if it would get us sooner. The California Supreme Court is not moving with great speed in a lot of cases. And they may not take it. They're not bound to take it. But I just wonder if we wouldn't benefit from another judge, whether it's a state court judge or another federal court judge, providing some analysis to this before we look at it. And that's what I'm struggling with is I think we do have discretion. I'm just not sure it's the wisest use of the discretion right out of the gate without any other court that I'm aware of passing on the question. Ms. Motoka, if I may, I do have concerns about whether the 945.3 argument was preserved in the prejudice that it might cause to deal with it now. But I am wondering on the false arrest claim why the appellant is not correct that that claim at least is timely under the rule of laws versus Cato. I think that claim would be timely under Cato. It's unclear from the complaint that there was a false arrest claim. We did not construe this complaint as including a false arrest component. But, again, in terms of the false arrest claim, she is already pled no contest to get the benefit of a diversion program, which she got. And now she's coming in and taking an opposite factual position in this case in the federal courts trying to get a different benefit. She should be judicially stopped from bringing that particular claim. Can I ask a question about that? Because our law seems pretty clear that that's the case if you plead guilty. It's not as clear if you plead nola contendere. And so, I mean, you cite these other cases that seem to be persuasive that they're the same. But are you aware of any case law binding from the United States Supreme Court or the Ninth Circuit that would find the nola contendere plea to bar, effectively bar? That would be barred under just saying you can't raise it, not because of a statute of limitations problem, but you just don't have the claim anymore, right? Right. It's a judicial estoppel argument. And there are cases out of the Second Circuit, the Third Circuit, the Sixth Circuit, the Kansas District Court in the Tenth. But I'm not aware of direct cases out of the Ninth or the Supreme Court. But this whole issue wasn't passed on below, right? It was raised in the reply. It was raised in the reply because, again, it's not clear from the complaint that there is a false arrest claim. Can I take you to the language at 945 and perhaps you can give us some background? Was the principal purpose of the statute to avoid criminal discovery through the use of a 1983 case? No, not through the use of a 1983. I think it was to prevent civil cases being used as leverage tools or possibly discovery. Okay. In some ways, kind of the same argument. Well, if your interpretation, though, if that was the purpose, wouldn't it make more sense to interpret 945.3 to toll the running of the statute of limitations until the diversion occurred? If the main purpose was to stop leveraging criminal cases, wouldn't that purpose be better served by interpreting 945 as only tolling the statute of limitations until the diversion occurred? I don't think so because I don't think the statute was contemplating that extra time would be given to people who pled no contest who could then turn around and sue for damages claiming you should never have arrested me for the charge to which I just pled. Except for the fact that after the diversions occurred, the case is basically over. So, after the diversions occurred, there's not this ability to use the civil case as leverage for the criminal case. Well, that's a separate issue. I'm back to the 945 tolling as to how we should read that, whether diversion stops the tolling from when the diversion takes place or whether it stops the tolling from the start of the case. And I think we have to read those together because I don't think the purpose was to give more time for litigants to play fast and loose with the courts. I'm taking contrary positions to obtain benefits in two different courts. Okay, counsel. We've let you go over unless there's other questions. I think that's your time. Thank you, your honors. Thank you. In light of that, we'll give you three minutes for rebuttal. Thank you very much, your honor. I may only need two. First of all, I would like to observe that, as Judge Brass said, yes, the false arrest claim is absolutely timely. Number two, there is a case... But what about the false arrest? I don't view it as a question of timeliness. I view it as a question under Wallace whether after, or maybe this isn't Wallace, but after you plead guilty or Nola Cantandre, you've barred, you know, through judicial estoppel, the ability to bring the claim back. First of all, as one of the judges, it might have been you, your honor. I think it was also Judge Brass, but you're going to argue waiver. It was never raised. Never. But number two, I have a case. I want to direct the court to Shea v. City of Huntington Beach, 2018, U.S. District, Lexis 227871, where the Able District Court, Judge Guilford has passed on this issue and determined that a diversionary term is not barred by HECS. Hold on a second. Now you're going back to the 945.2, or you're using that for the false arrest claim? Both. Okay. Both. So that gets the plaintiff out of any consideration that the diversion is a HECS. What it really is, the argument made by a respondent is that it's a HECS bar, and it is not. I thought the HECS bar went to the statute of limitations question. I didn't think that that went to, can you legitimately bring a false arrest claim after you've pled NOLA contender? Yes, it goes to both, your honor. Okay. Lastly, I would like to say that I want to reiterate that the data that the court should use, if the court is going to go down the path of determining whether or not the California Supreme Court would rule, as did Austin, instead of certifying this case to the California Supreme Court, there is a lot of data that should be considered, including the Bledstein case, which is 162, Calif. 3rd, 152, 1984, Elliot itself, Mitchell v. Greenough, 100 F. 2nd, 184, 1938. And then there are numerous district courts who have refused to apply Austin in the way that this district court did. There is Kapowski. That's 2020 Westlaw 104-6564. There's also Johnson v. County of Santa Clara. That's 2020 Westlaw 870933. Okay, counsel, I think we have your argument. We've let you go over. Thank you very much. Thank you. Thank you. Great job on both sides to help a pretty difficult case be illuminated for us. And we will submit that case.
judges: R. Nelson, Bress, Gwin